**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-13554

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ALBERT COLE,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:25-cr-20205-JB-1

————————————

Before GRANT, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Albert Cole brings this appeal to challenge the district court's evidentiary rulings. We affirm his conviction.

## I.

Between October 2024 and April 2025, Albert Cole sold drugs to a confidential informant.  In these controlled buys, the informant—outfitted with video and audio recording equipment—asked to purchase "Tina, "T," and "hard."  In exchange for cash, Cole provided drugs in small plastic baggies.  Forensic testing revealed that these baggies contained methamphetamine and crack cocaine.

A grand jury indicted Cole on three counts of distribution of controlled substances.  *See* 21 U.S.C. § 841(a)(1).  Before trial, Cole moved for the disclosure of the confidential informant's identity.  The government objected on the grounds that disclosure would jeopardize ongoing undercover investigations.  The district court denied the motion.

At trial, Officer Jossue Dominguez explained that he instructed the informant to arrange controlled buys with Cole and then record those interactions.  As the government played clips of their conversations, Dominguez testified—based on his extensive experience in narcotics investigations—that "Tina" and "T" refer to crystal methamphetamine and "hard" is the "street terminology for crack cocaine."

The jury found Cole guilty on all counts.  The district court sentenced him to 150 months' imprisonment.  Cole appeals.

## II.

We review the district court's ruling that the government need not disclose a confidential informant's identity for abuse of discretion. *See United States v. Flores*, 572 F.3d 1254, 1265 (11th Cir. 2009). We review evidentiary rulings for abuse of discretion as well. *See United States v. Perry*, 14 F.4th 1253, 1273 (11th Cir. 2021). And we review constitutional issues de novo. *See United States v. Nash*, 438 F.3d 1302, 1304 (11th Cir. 2006).

## III.

Cole challenges the district court's denial of his motion to disclose, the government's reliance on the informant's recorded conversations with Cole, and Officer Dominguez's testimony about the meaning of various code words used in those conversations. None of these claims have merit.

## A.

The government may assert a "privilege to withhold the identity of a confidential informant." *Flores*, 572 F.3d at 1265. But that privilege must sometimes give way to "fundamental requirements of fairness." *Roviaro v. United States*, 353 U.S. 53, 60 (1957). The inquiry on a motion to disclose largely turns on three factors: (1) "the extent of the informant's participation in the criminal activity"; (2) "the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant"; and (3) "the government's interest in nondisclosure." *Flores*, 572 F.3d at 1265 (quotation omitted).

On the first factor, the parties agree that the informant participated in each of the controlled buys. But in these transactions, the informant "was always with at least one government agent who could testify to everything which occurred." *United States v. Gutierrez*, 931 F.2d 1482, 1491 (11th Cir. 1991). Dominguez instructed the informant to arrange meetings with Cole, monitored their conversations in real time, and then took the stand to explain what happened between the two men. As a result, the informant's "involvement in the criminal activity alone does not mandate disclosure." *Id.*

On the second factor, the defendant bears the burden of showing that the informant's testimony would "significantly aid in establishing an asserted defense." *Id.* (quotation omitted). "Mere conjecture about the possible relevance" of that testimony "is insufficient to compel disclosure." *Id.* That is all we have here. As Cole's counsel put it to the district court, "all the arguments that I'm making are pretty much guesses" because "we don't have anything." The bare assertion that Cole could "maybe possibly" elicit exculpatory testimony from the informant is not enough to compel disclosure.

On the third factor, the government proffered "legitimate interests" in protecting "the informant's involvement in other ongoing investigations." *Flores*, 572 F.3d at 1265. The district court credited that justification, and Cole does not challenge that decision on appeal.

25-13554                Opinion of the Court                5

Because none of the three factors—whether alone or together—compel disclosure, the district court did not abuse its discretion in denying Cole's motion to disclose.

**B.**

Next, Cole argues that the Confrontation Clause bars recordings relaying the informant's requests to purchase "Tina," "T," and "hard" from Cole. However, the Clause permits the use of out-of-court statements introduced "for purposes other than establishing the truth of the matter asserted." *Crawford v. Washington*, 541 U.S. 36, 60 n.9 (2004). Here, the "single purpose for admitting" the informant's statements was "to make understandable to the jury" what Cole said in response: "Let me give you the Tina" and "that's hard."[1] *See United States v. Price*, 792 F.2d 994, 997 (11th Cir. 1986). That non-hearsay purpose is apparent because the informant's solicitation—"more in the nature of an order or a request" than an assertion—is "not even capable of being true or false." *Perry*, 14 F.4th at 1274 (quotation omitted); *see also United States v. Rivera*, 780 F.3d 1084, 1092 (11th Cir. 2015) (holding that the declarant's out-of-court statements are not hearsay because the "entire purpose in making the tape was to prompt Defendant to talk" and those statements are "important only to the extent they provided a context to assess Defendant's response").

---

[1] Cole's own out-of-court statements are "not hearsay" and do not implicate the Confrontation Clause. *See* Fed. R. Evid. 801(d)(2)(A) (opposing party statement); *United States v. Brown*, 441 F.3d 1330, 1358–59 (11th Cir. 2006).

### C.

Finally, Cole contends that the government violated the Confrontation Clause by soliciting Dominguez's testimony that code words like "Tina," "T," and "hard" refer to illegal drugs. This claim fails for a simple reason: "The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." *Crawford*, 541 U.S. at 60 n.9. Because Cole had the opportunity to confront Dominguez about his testimony, there is no Confrontation Clause violation.

To the extent Cole challenges Dominguez's testimony as improper expert opinion under Rule 702, "we have repeatedly held that law enforcement officers with sufficient experience may offer lay opinion testimony about code words and nicknames used by criminals." *United States v. Booker*, 136 F.4th 1005, 1020 (11th Cir. 2025); *see* Fed. R. Evid. 701. We see no abuse of discretion.

⋆        ⋆        ⋆

We **AFFIRM**.